IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 11 |
| GENESIS HEALTH VENTURES, INC. | : | Bankruptcy Case No.00-2692-PJW |
| et al., | : | Jointly Administered |
| | : | |
| Debtors, | : | |
| | : | |
| RICHARD HASKELL, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Misc. Case No. 06-228-JJF |
| | : | |
| GOLDMAN, SACHS & CO., et al., | : | |
| | : | |
| Defendants. | : | |

Stanley M. Grossman, Esquire; H. Adam Prussin, Esquire and Leigh
Handelman Smollar, Esquire of POMERANTZ HAUDEK BLOCK GROSSMAN &
GROSS LLP, New York, New York.
R. Bruce McNew, Esquire of TAYLOR & McNEW LLP, Greenville,
Delaware.
Attorneys for Plaintiffs.

Steven Russo, Esquire of SIVE, PAGET & RIESEL, P.C., New York,
New York.
Attorney for Defendant Mellon Bank N.A. with respect to
plaintiffs Charles L. Grimes, Louis IG Ireland Trust, C. Yvonne
Cooke, Jane G. Brown, Serena R. Schwartz and Gordon W. Chaplin.

Menachem O. Zelmanovitz, Esquire; John Franchini, Esquire and
Erica Cline Blackledge, Esquire of MORGAN, LEWIS & BLOCKIUS LLP,
New York, New York.
Attorneys for Defendant Mellon Bank, N.A. with respect to all
other plaintiffs.

Teresa K.D. Currier, Esquire and Peter J. Duhig, Esquire of
BUCHANAN INGERSOLL & ROONEY, P.C., Wilmington, Delaware.
Attorneys for Defendant Mellon Bank, N.A.

Sheldon Raab, Esquire and Eric A. Hirsch, Esquire of FRIED,
FRANK, HARRIS, SHRIVER & JACOBSON LLP, New York, New York.
Steven K. Kortanek, Esquire; Christopher A. Ward, Esquire and
Morton R. Branzburg, Esquire of KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP, Wilmington, Delaware.
Attorneys for Defendant Goldman, Sachs & Co.

Paul V. Shaloub, Esquire of WILLKIE FARR & GALLAGHER LLP, New York, New York.
Robert S. Brady, Esquire of YOUNG CONAWAY STARGATT & TAYLOR LLP, Wilmington, Delaware.
Attorneys for Defendant George V. Hager.

Paul Lackey, Esquire and Michael Aigen, Esquire of LECKEY, HERSHMAN LLP, Dallas, Texas.
Daniel K. Hogan, Esquire, of THE HOGAN FIRM, Wilmington, Delaware.
Attorneys for Defendant Highland Capital Management, L.P.

## MEMORANDUM OPINION

June 29, 2007
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendants' Joint Motion For Leave To Appeal. (D.I. 1). By their Motion, Defendants request leave to appeal the Bankruptcy Court's December 13, 2006 Order denying in part and granting in part Defendants' motion to dismiss Plaintiffs'[1] Complaint. For the reasons discussed, the Court will deny this motion.

**I. Parties' Contentions**

Defendants contend that leave to proceed with an interlocutory appeal should be granted under 28 U.S.C. § 158(a), because (1) the Bankruptcy Court's decision involves a controlling question of law concerning the application of 11 U.S.C. § 1144, (2) substantial grounds exist for differing opinions to arise between courts as to the proper application of Section 1144, and (3) an immediate appeal of this issue will materially advance the ultimate termination of this action. Defendants contend that, though the Third Circuit has not addressed the issue, two courts of appeal and one state Supreme Court have not made a distinction for purposes of § 1144 analysis between a debtor and one of its creditors. Defendants further contend that, in the event the Court grants an interlocutory

---

[1] Plaintiffs are 275 former debenture holders of Genesis Health Ventures. Their names appear on the face of the Complaint. For purposes of this Memorandum Opinion, they will be referred to collectively as "Plaintiffs."

1

appeal, the Court should also consider Defendants' additional grounds for appeal, such as res judicata and collateral estoppel.

In response, Plaintiffs contend that leave to appeal should not be granted because there is no serious dispute over the legal application of § 1144.  Plaintiffs contend that their allegations of fraud and pursuit of damages affect only Defendants, not the Reorganization Plan, and therefore, pursuant to settled case law, their claim is not barred under § 1144.  Moreover, Plaintiffs contend that Defendants' prospective appeal involves a mixed question of law and fact, and granting an interlocutory appeal would not advance the case.  Plaintiffs contend that, while the case would end if Defendants prevail on appeal, the likelihood of that happening is so slight that this Motion is little more than an attempt to prolong an already protracted case.  Finally, Plaintiffs contend that, even if an interlocutory appeal of the § 1144 issue is granted, the Court should not consider the other routine issues decided by the Bankruptcy Court in its December 13 Order.

## II. Discussion

In determining whether an order of the Bankruptcy Court is final, the Court is required to take a flexible, pragmatic approach. See e.g. In re Armstrong World Indus., Inc., 2005 WL 3544810, *3 (3d Cir. Dec. 29, 2005).  Although no specific combination of factors is dispositive of the question of

2

finality, the Court should consider, among other things: (1) whether the order implicates purely legal issues, (2) the impact of the Bankruptcy Court's order upon the assets of the debtor's estate, (3) the preclusive effect of the District Court's decision on the merits of subsequent litigation, and (4) the furtherance of judicial economy. U.S. v. Pelullo, 178 F.3d 196, 200-201 (3d Cir. 1999).  Applying these standards to the Bankruptcy Court's December 13 Order, the Court concludes that Defendants have not demonstrated that an interlocutory appeal is warranted in this case. See e.g. In the Matter of Magic Restaurants, Inc., 202 B.R. 24, 25 (D. Del. 1996).

Although the history of Defendants' Motion To Compel was thoroughly discussed in the Bankruptcy Court's December 13, 2006 Memorandum Opinion, a quick summary is appropriate to provide context for this discussion. See Op. 4,5.[2]  Two years after a Joint Plan of Reorganization ("the Plan") covering the bankruptcy petitions of Genesis Health Ventures, Inc. and Multicare AMC, Inc. was confirmed, Plaintiffs filed a complaint asserting causes of action for common law fraud, conspiracy to commit fraud, and gross negligence against Defendants, alleging that Defendants fraudulently undervalued Genesis for purposes of Plan confirmation.  The Complaint was removed from the Supreme Court

---

[2] The Bankruptcy Court's December 13, 2006 Memorandum Opinion will be cited herein as "Op."

3

of New York to federal court, transferred to the District of Delaware, and referred to the United States Bankruptcy Court for the District of Delaware.  Thereafter, Defendants filed a motion to dismiss the Complaint, which the Bankruptcy Court granted. Haskell v. Goldman Sachs & Co. (In re Genesis Health Ventures, Inc.), 324 B.R. 510, 513 (Bankr. D. Del. 2005).  On appeal, this Court affirmed the Bankruptcy Court's dismissal as to Debtor defendant, but vacated and remanded with respect to the other defendants. Haskell v. Goldman Sachs & Co. (In re Genesis Health Ventures, Inc.). 340 B.R. 729 (D. Del. 2006).  On remand, the Bankruptcy Court denied in part and granted in part the remaining issues of Defendants' motion to dismiss.  Specifically, the Bankruptcy Court held that § 1144 did not prohibit Plaintiffs' action against non-debtor defendants, that six of the ten fraudulent manipulations alleged by Plaintiffs were barred by claim and issue preclusion, and that the Complaint satisfied Federal Rule of Civil Procedure 9(b).

In considering Defendants' Motion on remand, the Bankruptcy Court noted that, because Plaintiffs commenced their action more than 180 days after the confirmation order, it would be time barred if and only if their action amounted to an attempt to revoke the confirmed Plan. (Op. 9).  However, it noted a settled principle that, "if the action is truly independent, § 1144 is inapplicable." Id. referencing S.N. Phelps & Co. v. Circle K

4

Corp. (In re Circle K Corp.), 181 B.R. 457, 462 (Bankr. D. Ariz.
1995). Plaintiffs' Complaint alleges that the alleged fraud was
not, and could not have been, actually adjudicated before Plan
confirmation, and Plaintiffs are not seeking a redistribution of
assets distributed pursuant to the Plan. Rather, Plaintiffs
contend they are seeking damages from Defendants. As a result,
the Bankruptcy Court concluded that this action was independent
from, and not an attempt to attack, the Plan. Because of this
factual determination, the Bankruptcy Court concluded that § 1144
does not apply to Plaintiffs' claims against Defendants.

In advancing the present Motion, Defendants contend that
there is a reasonable possibility that courts could disagree
about the Bankruptcy Court's legal conclusion, since two federal
circuits and one state supreme court have "held that the
principles of certainty and finality are of such paramount
importance in a reorganization process that claims based on fraud
brought more than 180 days after confirmation are irrevocably
barred." D.I. 2 at 11.[3] After reviewing the three cases cited by
Defendants, as well as the cases relied upon by the Bankruptcy
Court in its December 13 Memorandum Opinion, the Court concludes

---

[3] See In re Public Service Co. of New Hampshire, 43 F.3d
763 (1st Cir. 1995; Hotel Corp. of the South v. Rampart 920,
Inc., 46 B.R. 758 (E.D. La. 1985), aff'd without op., 781 F.2d
901 (5th Cir. 1986) and Browning v. Prostok, 165 S.W.3d 336 (Tex.
2005).

that Defendants' arguments do not support the granting of an
interlocutory appeal.

In the Court's view, the legal questions now before the
Bankruptcy Court are not clearly within the protections afforded
by § 1144 and require a full airing before the Bankruptcy Court.
Once the Bankruptcy Court completes its fact finding and
resolution of the legal issues presented, both parties will have
an opportunity for a meaningful appeal.  Accordingly, the Court
will deny leave for an interlocutory appeal of the Bankruptcy
Court's December 13, 2006 Order.  Having concluded that the
Bankruptcy Court's Order is not appealable at this time, the
Court will not consider Defendants' request that its other
contentions be heard.

## III. Conclusion

For the reasons discussed, the Court will deny Defendant's
Joint Motion For Leave To Appeal. (D.I. 1).

An appropriate Order will be entered.

6